UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

In Re:

DOUGLAS L. SCHOFIELD and             No. 04-50797-SWR
KIMBERLY A. SCHOFIELD,              Chapter 7
                                                               Judge Rhodes
     Debtors.

_____/

**MOTION TO APPROVE SETTLEMENT OF TRUSTEE'S POTENTIAL CLAIM
TO DEBTORS' NON-EXEMPT EQUITY IN DEBTORS' RESIDENCE**

David W. Allard, Chapter 7 trustee of the estate of Douglas L. Schofield and Kimberly A. Schofield. (the "Debtors"), by his counsel, Allard & Fish, P.C., states:

**JURISDICTION**

1. Jurisdiction to consider this matter is vested in this Court pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

**INTRODUCTION**

2. On April 13, 2004, the Debtors filed a Voluntary Petition under chapter 7 of the U.S. Bankruptcy Code (the "Code").

3. David W. Allard (the "Trustee") is the duly appointed and acting Chapter 7 Trustee of the Debtors' estate.

4. Included in property of the Debtors' estate is the Debtors' residence located at 7075 Winn Road, Yale, MI, 48097 (the "Residence").

5. On March 17, 2005, this Court entered Order Authorizing Trustee to Employ Special Counsel, said Special Counsel was hired to help assist the Debtors settling this matter without the Trustee having to market and sell the Residence.

6. Since that time, Special Counsel and the Trustee have worked with the Debtors to facilitate the Debtors being able to settle with the Trustee.

7. The Trustee believes that settling this matter with the Debtors instead of marketing and selling the Residence is in the best interest of the bankruptcy estate and the Debtors' creditors because it will avoid the costs, fees, and uncertainty that would be associated with marketing and selling the Residence.

8. The Trustee, the Debtors, and the Debtors' attorney agree that the Residence is worth approximately $234,500, which is the average of two independent appraisals.

9. As such, the Trustee, the Debtors, and the Debtors' attorney agree that there is approximately $29,871 in equity in the Residence, and the Debtors' have agreed to pay to the Trustee the non-exempt equity of $29,871.

10. Subject to approval of the Court, the Debtors have agreed to remit the agreed non-exempt equity of $29,871 in installment payments: The Debtors have remitted the first installment payment of $13,000 to the Trustee (which is currently being held in escrow pending Court order) and the Debtors have agreed to remit the remaining $16,871 on or before May 24, 2006.

## STANDARDS FOR APPROVAL OF THE SETTLEMENTS

11. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on motion by the trustee after notice and a hearing, the court may approve a compromise or settlement," but "the court need not conduct a 'mini trial on the merits . . . of [the] settlement.'" In re Dow Corning Corp., 198 B.R. 214, 222 (Bankr. E.D. Mich. 1996). In evaluating a

proposed settlement, the court should be guided by the precept that the law favors compromise. Id. at 221.

12.     In considering whether to approve a settlement as being in the best interests of the estate, the court should consider, among other things: (i) the probability of success in the litigation; (ii) the difficulty in collecting a judgment ultimately obtained in the litigation; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the interests of creditors, giving proper deference to their reasonable views. Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, reh'g denied 391 U.S. 709 (1968); In re Fishell, 47 F.3d 1168, 1995 WL 66622, at 3 (6th Cir. Feb. 16, 1995); In re Energy Cooperative, Inc., 836 F.2d 921 (7th Cir. 1989); In re A & C Properties, 784 F2d 1377 (9th Cir. 1986).

13.     The Trustee, in recommending that the Court approve the proposed settlement, has given due weight to the four criteria set forth above and believes that the proposed settlement is fair and equitable and in the best interest of the estate and the Debtors' creditors. In particular, the Trustee has taken into consideration the expenses, costs, and risks of marketing and selling the Residence.

WHEREFORE, the Trustee respectfully requests that the Court approve the settlement with the Debtors described above.

ALLARD & FISH, P.C.

/S/Colin T. Darke
Attorneys for Trustee
2600 Buhl Building
535 Griswold
Detroit, MI 48226
(313) 961-6141
Email: cdarke@allardfishpc.com
P68294

Dated:  January 26, 2006
U:\34\705\pld\Motion to Approve Settlement.1.26.06.doc

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTER DIVISION

In Re:

DOUGLAS L. SCHOFIELD andNo. 04-50797-SWR
KIMBERLY A. SCHOFIELD,Chapter 7
Judge Rhodes
Debtors.

_____/

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF TRUSTEE'S
POTENTIAL CLAIM TO DEBTORS' NON-EXEMPT
<u>EQUITY IN DEBTORS' RESIDENCE</u>**

The matter having come before the Court on the Trustee's Motion to Approve Settlement of Trustee's Potential Claim to Debtors' Non-Exempt Equity in Debtors' Residence (the "Motion"); notice of the Motion having been duly and properly served; no objections to or other responses to the Motion having been filed; and the Court having been duly advised in the premises;

NOW THEREFORE, IT IS ORDERED that the Motion shall be, and is hereby, approved in all respects. Specifically, the Trustee is authorized to accept $29,871 from the Debtors for the non-exempt equity in the Debtors' Residence (as that term is defined in the Motion).

IT IS FURTHER ORDERED that the Debtors shall remit the remaining $16,871 of the settlement amount (having already remitted $13,000 to the Trustee which is being held in escrow pending this Order) to the Trustee on or before May 24, 2006.

IT IS FURTHER ORDERED that the Trustee shall be, and is hereby, authorized to do all acts and things necessary to consummate the settlement described in the Motion.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

In Re:

DOUGLAS L. SCHOFIELD and
KIMBERLY A. SCHOFIELD,

No. 04-50797-SWR
Chapter 7
Judge Rhodes

Debtors.

_____/

## NOTICE OF MOTION TO APPROVE SETTLEMENT OF TRUSTEE'S POTENTIAL CLAIM TO DEBTORS' NON-EXEMPT EQUITY IN DEBTORS' RESIDENCE

David W. Allard, the Chapter 7 Trustee (the "Trustee") has filed a Motion to Approve Settlement of Trustee's Claim to Debtors' Non-Exempt Equity in Debtors' Residence (the "Motion"). As more fully set forth in the Motion, the Trustee and the Debtors have agreed to settle the Trustee's potential claim to Debtors' non-exempt equity in the Debtors' residence located at 7075 Winn Road, Yale, Michigan 48097, for $29,871. The settlement consists of the Debtors remitting an initial payment of $13,000 and remitting the remaining funds of $16,874 on or before May 24, 2006.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief requested in the Motion (i.e., settling with the Potential Defendants) or if you want the Court to consider your views on the Motion, within **20 days,** you or your attorney must:

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the deadline stated above.

1.   File with the Court a written response or an answer, explaining your position at:

     U.S. Bankruptcy Court
     211 West Fort St., Suite 2100
     Detroit, MI 48226

You must also mail a copy to:

Colin T. Darke, Esq.

        Allard & Fish, P.C.
        535 Griswold, Suite 2600
        Detroit, Michigan 48226

    2.    If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

                                      ALLARD & FISH, P.C.

                                      /S/Colin T. Darke
                                      Attorneys for Trustee
                                      2600 Buhl Building
                                      535 Griswold
                                      Detroit, MI 48226
                                      (313) 961-6141
                                      Email: cdarke@allardfishpc.com
                                      P68294

Dated: January 26, 2006
U:\34\705\pld\Motion to Approve Settlement.1.26.06.doc

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DOUGLAS L. SCHOFIELD andNo. 04-50797-SWR
KIMBERLY A. SCHOFIELD,Chapter 7
Judge Rhodes
Debtor.

_____/

## CERTIFICATION OF SERVICE

I, Regina Drouillard, hereby certify that on January 26, 2006, I electronically filed the foregoing:

Motion to Approve Settlement of Trustee's Potential Claim to Debtors' Non-exempt Equity in Debtors' Residence; and

Notice of Motion to Approve Settlement of Trustee's Potential Claim to Debtors' Non-exempt Equity in Debtors' Residence (the "Notice").

With the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. TrusteeFrank A. Simasko, Esq.

and I hereby certify that I have mailed by United States Postal Service the Papers to the following non-ECF participant:

See list attached.

ALLARD & FISH, P.C.

/S/Regina Drouillard
2600 Buhl Building
535 Griswold
Detroit, MI. 48226
(313) 961-6141

Dated: January 26, 2006
U:\34\705\pld\Motion to Approve Settlement.1.26.06.doc

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-2<br>Case 04-50797-swr<br>Eastern District of Michigan<br>Detroit<br>Thu Jan 26 12:22:42 EST 2006 | David W. Allard<br>2600 Buhl Building<br>535 Griswold<br>Detroit, MI 48226-3697 | Bank One<br>25505 W. 12 Mile Ste. 1<br>Southfield MI 48502 |
| CIT Group Equipment Finance<br>Regency Credit LLC<br>4246 E. Wood ST. #500<br>Phoenix AZ 85040 | Citi Capital Commercial Corp.<br>30150 N. Telegraph Rd. Suite 444<br>Bingham Farms MI 48025 | Comerica Bank<br>500 Woodward Ave.<br>Detroit MI 48226 |
| Consumers Energy ( By: L.S. Hajduk)<br>2400 Weiss, Room 113<br>Saginaw MI 48602 | Financial Federal Credit, Inc.<br>1300 Post Oak Blvd. Suite 1300<br>Houston TX 77056 | Huntington National Bank<br>P.O. Box 2059<br>Columbus OH 43216-2059 |
| Information Leasing<br>Delta Management Group<br>2499 Rice Street Suite 245<br>St Paul MN 55113 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | Kevin Rinke<br>295 Henley<br>Birmingham MI 48009 |
| Michigan State Department Of Treasury<br>PO Box 15128<br>Lansing MI 48901 | National City<br>P.O. Box 856176<br>Louisville KY 40285-6176 | Steven W. Rhodes<br>2<br>211 West Fort Street<br>Room 1800<br>Detroit, MI 48226 |
| Douglas L. Schofield<br>7075 Winn Rd.<br>Yale, MI 48097 | Kimberly A. Schofield<br>7075 Winn Rd.<br>Yale, MI 48097 | Frank A. Simasko<br>822 Tenth Avenue<br>Port Huron, MI 48060 |
| State of MI Dept. of Treasury<br>Peggy Housner<br>3030 W. Grand Blvd., 10th Fl. | Tri-County Bank<br>7514 S. Brockway<br>Yale MI 48097 | End of Label Matrix<br>Total addresses 19 |